IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

PHILIP R. WORKMAN                     )
and TERRY LEE WORKMAN                 )
                                      ) NO. 3:07-0499
v.                                    ) JUDGE CAMPBELL
                                      ) CAPITAL CASE
DR. BRUCE LEVY, et al.                )


TEMPORARY RESTRAINING ORDER


        Pending before the Court are Plaintiffs' Motion for Preliminary Injunction and Plaintiff

Philip Workman's Application to Proceed In Forma Pauperis. The Application to Proceed In Forma

Pauperis is GRANTED.  Plaintiff Terry Lee Workman has paid the filing fee.

        Plaintiffs' Motion for Preliminary Injunction asks the Court to enjoin Defendants, if Philip

Workman is executed, from handling, disrobing, and viewing Philip Workman disrobed and from

performing any forensic, pathological, or other action or procedure whatsoever on his body or any

part of his body, whether or not considered part of an autopsy or pathological investigation.

        Plaintiffs' Motion for Preliminary Injunction is taken under advisement as follows.  The

Court is issuing a Temporary Restraining Order ("TRO") to maintain the status quo until it can have

a hearing to determine whether a Preliminary Injunction should issue.

        In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil

Procedure, the Court is to consider: (1) whether the movant has shown a strong or substantial

likelihood of success on the merits; (2) whether irreparable harm will result without an injunction;

(3) whether issuance of a preliminary injunction will result in substantial harm to others; and (4)

whether the public interest is advanced by the injunction. Michigan State AFL-CIO v. Miller, 103

F.3d 1240, 1249 (6th Cir. 1997). Although Defendants have notice of Plaintiffs' Motion, a temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney. Fed. R. Civ. P. 65 (b).

Based on the Motion, affidavits, briefs, pleadings and the entire record, the Court finds:

(1) Plaintiffs have demonstrated a strong or substantial likelihood of success on the merits of their claims. As the Court previously found in Philip R. Workman v. Dr. Bruce Levy, et al., No. 3:01-0296 (Order of March 29, 2001, Docket No. 8), and recently reaffirmed (Order of May 3, 2007, Docket No. 22), Plaintiff Philip Workman's religious beliefs, as expressed in his Declaration of May 7, 2007, outweigh the Defendants' interest in performing any post-mortem internal examination of his body or testing. See, e.g., United States v. Hammer, 121 F.Supp.2d 794 (M.D. Pa. 2000); Alley v. Levy, et al., 3:06-00645 (Order of June 28, 2006, Docket No. 7).

(2) Plaintiffs have demonstrated that Philip Workman will suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted. Specifically, the Court finds that if Philip Workman is executed and an injunction has not been issued prohibiting certain post-mortem handling of his body by Defendants, there will be no opportunity to remedy any violation of his constitutional rights.

(3) The balance of relative harms among the parties weighs in favor of Plaintiffs against Defendants. Defendants will suffer no harm in maintaining the status quo until the Court can conduct a full hearing on the Motion for Preliminary Injunction.

(4) The public interest will not be harmed by temporary injunctive relief pending a preliminary injunction hearing.

Under the circumstances of this case, no bond is required.

2

It is, therefore, ordered, pursuant to Federal Rule of Civil Procedure 65, that Defendants, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby restrained and enjoined from performing any forensic, pathological, or other action, testing or procedure on Philip Workman's body or any part of his body (whether or not considered part of an autopsy or pathological investigation) that involves puncturing, cutting, sampling or testing the body. As stated in a prior Order (Docket No. 8, Case No. 3:01-0296), Defendants are not enjoined from an external examination of the body.

The Court will hold a hearing on Monday, May 14, 2007, at 8:00 a.m. on Plaintiffs' Motion for Preliminary Injunction. This Temporary Restraining Order shall expire on May 14, 2007. Counsel for the parties shall be prepared to discuss whether this case should be consolidated with Case No. 3:01-0296.

This Temporary Restraining Order is effective upon its issuance on May 8, 2007, at 2:10 p.m.

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

3